PEOPLE, PLAINTIFF AND APPELLEE, *v.* NEGRÓN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Violation of the Internal Revenue Law.

No. 1575.—Decided January 27, 1921.

STILL—EVIDENCE.—The trial court did not err in holding in this case that the apparatus offered in evidence and found in three pieces or disconnected sections was in fact a still. Although in such cases the testimony of experts is helpful, yet it is not absolutely necessary.

ID.—ID.—Testimony showing that the three sections of the still produced in court were found by the police in the house of the defendant, one in the attic, another under a stove and the other near a receptacle containing fermented molasses, together with a certificate of the Treasurer of Porto Rico showing that the defendant had not declared the still, constitute sufficient evidence of a violation of section 61 of the Internal Revenue Law.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Ramón Negrón was charged with "maliciously and wilfully having in his possession or custody, or at his disposal and under his control, a still or distilling apparatus without having registered it in the office of the Treasurer of Porto Rico by signing and filing a declaration stating the place where the said apparatus was situated or stored, its class and capacity, the name of its owner and the purpose for which it was used or intended to be used, thus violating the provisions of section 61 of the Internal Revenue Law." The case was finally tried in the District Court of Ponce. The

defendant by his attorney demurred to the complaint, contradicted the evidence and moved for a dismissal of the prosecution.  The court ruled against the defendant on all the points and sentenced him to pay a fine of one hundred dollars or to one day in jail for each dollar not paid, the total term of imprisonment not to exceed thirty days.  From that judgment Negrón appealed to this court and alleged in his brief the commission of two errors.

1. "The court erred in holding that some unassembled mechanisms which were found in separate pieces in the house of the defendant were a still or distilling apparatus."  Discussing this error the appellant also maintains that expert testimony, which was not produced, was necessary in order that the court could conclude that it was a still.

From the testimony of witness Alomar, an insular policeman, we transcribe the following:

"Did you seize on that day any distilling apparatus?—Yes, sir. Having a search warrant, we went to the house of the defendant, who was not there at the time, and seized this apparatus in separate parts.  (The witness points to an apparatus in the court room.)  He had the boiler and that pipe in the attic of the house.  He had the lead 'pipe, partly threaded and partly smooth, and the worm in the kitchen behind a tub containing fermented molasses, all under the stove and covered."

On cross-examination by the defense the same witness said:

"You say that this apparatus was in three pieces?—Yes, sir.
"Where was each piece?—That boiler was in the attic of the house.  The connecting pipe was in the kitchen near a tub containing fermented molasses.
"Where was that tub with the molasses?—It was brought to the municipal court, but I suppose it has been thrown away.
"What else was there?—The worm was in the kitchen under the stove."

Sergeant Renta of the Insular Police testified on that point as follows:

"Did you and insular policeman Manuel Alomar seize on that day at the Ponce Playa any distilling apparatus?—Yes, sir.

"What was that apparatus?—It was an apparatus with a receptacle, a worm and a pipe."

The apparatus was also introduced in evidence.

This being so, in our judgment the court did not err in finding that the apparatus seized was a still.

Although expert testimony is always desirable in such cases, it is not absolutely necessary. The witnesses were men capable of knowing what a distilling apparatus, commonly known as still, consists of. They testified without hesitation. Besides, the apparatus was there and the court could examine it and conclude that it was in fact a still.

A *still,* according to Serolo's encyclopedic dictionary of the Spanish language, is an "apparatus made of metal, glass or other substance for extracting by heat and by distillation the spirit or essence of any substance. It is composed of two bodies, the lower part, or boiler, and the upper part, or head, which serves as a cover and cooler and from which a pipe extends down to where it is attached to the worm through which the distillation runs. Some stills have an exterior water tank on the head."

This description compares perfectly with that of the apparatus seized.

The fact that the pieces of the apparatus were found in different places does not preclude the conclusion that the defendant had the apparatus without having declared it as required by law. The fact that a part of the apparatus was found in the attic and another part covered under the stove, and above all the finding of the tub of fermented molasses, should be considered in judging the purpose of the defendant, although in fact in order to show the commission of the crime charged it was merely necessary to allege and prove that he had the still in his possession or custody, or at his disposal and under his control, without

having filed in the Treasury Department the declaration required by law. See the case of *People* v. *Rosaly,* 28 P. R. R. 438.

2. "The court erred in weighing the evidence and in overruling the motion for nonsuit made by the defendant in due time and form." We have examined the evidence and in our opinion it is sufficient. We have already quoted parts of the testimony of policeman Alomar and sergeant Renta. They also testified that the house in which the apparatus was seized belonged to the defendant and that he lived there with his family. This testimony, the still itself and a certificate of the Treasurer showing that the defendant had not declared the still, are sufficient to establish the truth of the charge made in the complaint.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.